# Exhibit "A"

Plaintiff's Complaint

Electronically Filed
2/17/2021 3:26 PM
Steven D. Grierson
CLERK OF THE COURT

```
COMP
GARNET E. BEAL, ESQ.
Nevada Bar No.: 12693
DIMOPOULOS LAW FIRM
6671 S. Las Vegas Blvd., Suite 275
Las Vegas, NV 89119
O: (702) 800-6000
F: (702) 224-2114
gb@stevedimopoulos.com
Attorneys for Plaintiff
```

CASE NO: A-21-829574-C
Department 8

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JASON KENNEY, individually, | ) |
| Plaintiff, | ) CASE NO. |
| vs. | ) DEPT. NO. |
| WALMART, INC., DOE CLEANINIG COMPANY; DOES I-V; and ROE CORPORATIONS I-V, inclusive, | ) COMPLAINT |
| Defendants. | ) |

Plaintiff JASON KENNEY, by and through his counsel, GARNET E. BEAL, ESQ. of the DIMOPOULOS LAW FIRM, and for his Complaint against the Defendants, and each of them alleges as follows:

### JURISDICTION

1. That Plaintiff Jason Kenney (hereinafter "Plaintiff") is, and at all times mentioned herein was, a resident of the State of Nevada.

2. That Defendant WALMART, INC is, and at all times mentioned herein, a foreign corporation, licensed to do business in the County of Clark, State of Nevada.

3. The identity of DOE CLEANING COMPANY is unknown at this time; however, Plaintiff believes DOE CLEANING COMPANY to be the cleaner of the subject property. Plaintiff requests leave of the Court to amend this Complaint to name DOE CLEANING COMPANY specifically when its identity becomes known.

4. That Defendants DOES 1-5 and ROE BUSINESS ENTITIES 1-5 are other owners or operators of the property located at 7200 Arroyo Crossing Parkway, Las Vegas, Nevada 89113, commonly known as Walmart #4356 ("the Property").

5. That Defendants DOES 6-10 and ROE BUSINESS ENTITES 6-10 are the managers or controllers of common areas of the Property.

6. That Defendants DOES 11-15 and ROE BUSINESS ENTITIES 11-15 are the designers and maintenance providers for the Property.

7. That Defendants DOES 16-20 and ROE BUSINESS ENTITIES 16-20 are the construction companies, sub-contractors, vendors, inspectors or other persons responsible for the installation and construction of the area on the Property where the subject incident occurred.

8. That the true names and capacities of the remaining Defendants designated herein as Doe or Roe Business Entities are presently unknown at this time to Plaintiff, who therefore sues said Defendants by such fictitious names — these entities would specifically include owners associations presently unknown. When the true names and capacities of these defendants are ascertained, Plaintiff will amend this Complaint accordingly.

9. That at all times pertinent, Defendants and each of them were agents, servants, employees or joint venturers of every other Defendant herein, and at all times mentioned herein were acting within the scope and course of said agency, employment, or joint venture, with knowledge and permission and consent of all other named Defendants.

10. That on or about February 20, 2019, Plaintiff was an invitee and patron at Defendant's property located at 7200 Arroyo Crossing Parkway, Las Vegas, Nevada 89113.

11. On or about said date, Plaintiff was walking through the produce section when he slipped and fell on produce (hereinafter referred to as the "dangerous condition") at Defendant's property. As a result, Plaintiff was injured on the Property.

12. Upon information and belief, the dangerous condition was caused as a direct result of the Defendant's failure to design, construct, control, supervise, repair, clean and/or maintain the Property in a reasonable and safe manner.

13. Defendant maintained and was in control of the Property.

14. Defendant knew, or reasonably should have known, that the dangerous condition existed on or about the Property.

15. Defendant failed to place signs, caution, warn, or otherwise make safe, the dangerous condition existing on or about the Property. Accordingly, Defendant negligently, carelessly, and recklessly maintained and allowed the dangerous condition to exist.

16. Defendant should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

## FIRST CLAIM FOR RELIEF

### (Negligence)

Plaintiff incorporates paragraphs 1 through 16 of the Complaint as if those paragraphs were fully incorporated and set forth herein.

17. Defendant owed Plaintiff a duty of care to warn Plaintiff of the non-obvious and dangerous condition.

18. Defendant breached this duty of care by failing to place caution signs, or otherwise failing to warn Plaintiff of the dangerous, non-obvious condition.

19. Defendant's negligence directly and proximately caused Plaintiff serious injury.

20. By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to his head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to his general damage in a sum in excess of $15,000.

21. By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for his injuries received in an expense all to his damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend his Complaint accordingly when the same shall be ascertained.

22. Prior to the injuries complained herein, Plaintiff was an able bodied person readily and gainfully employed and physically capable of engaging in all other activities for which he was otherwise suited.

23. By reason of the premises and as a direct and proximate result of the Defendant's negligence, Plaintiff has been required to and did lose time from his employment, continues to and shall continue to be limited in each of his activities and occupations which has caused and shall continue to cause Plaintiff's loss of earnings and earning capacity to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff asks leave of this Court to insert said amount when the same shall be fully ascertained.

24. Plaintiff has been compelled to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, prays judgment against the Defendants, and each of them, as follows:

1. General damages sustained by Plaintiff in an amount in excess of $15,000.00;

2. Special damages in excess of $15,000.00;

3. Medical and incidental expenses already incurred and to be incurred;

4. Reasonable attorney's fees and costs of suit;

5. Interest at the statutory rate; and

6. For such other relief as the Court deems just and proper.

DATED THIS 17th day of February 2021.

**DIMOPOULOS INJURY LAW**

*/s/ Garnet E. Beal*

GARNET E. BEAL, ESQ.
Nevada Bar No. 12693
6671 S. Las Vegas Boulevard, #275
Las Vegas, NV 89119
Attorneys for Plaintiff