# Exhibit "C"

Defendant's Answer to
Plaintiff's Complaint

Electronically Filed
3/23/2021 4:38 PM
Steven D. Grierson
CLERK OF THE COURT

**ANS**
ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
TIMOTHY D. KUHLS, ESQ.
Nevada Bar No. 13362
**PHILLIPS, SPALLAS & ANGSTADT, LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
rphillips@psalaw.net
tkuhls@psalaw.net

*Attorneys for Defendant*
*Walmart, Inc.*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JASON KENNEY, individually, <br><br> Plaintiff, <br><br> v. <br><br> WALMART, INC.; DOE CLEANING COMPANY; DOES 1-V; and ROE CORPORATIONS 1-V, inclusive, <br><br> Defendants. | Case No.:    A-21-829574-C <br> Dept No.:    XIII <br><br> **DEFENDANT WALMART, INC.'S** <br> **ANSWER TO PLAINTIFF'S** <br> **COMPLAINT** |

COMES NOW, Defendant WALMART, INC. ("Walmart" or "Defendant"), by and through its counsel of record, the law firm of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits the following Answer to Plaintiff JASON KENNEY's ("Plaintiff") Complaint as follows:

1.      Answering Paragraph 1 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore, denies the same.

2.      Answering Paragraph 2 of Plaintiff's Complaint, Defendant Walmart admits only that it, was and is a foreign Delaware and Arkansas corporation authorized to do business in Clark County, State of Nevada. As to all other allegations in this Paragraph, Defendant denies each and every allegation contained therein.

3.    Answering Paragraph 3 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein considering it is unaware of and does not know the identity of, any DOE CLEANING COMPANY. Accordingly, Defendant therefore denies each and every allegation contained therein.

4.    Answering Paragraph 4 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein considering it is unaware of and does not know the identity of, any DOES 1-5. Accordingly, Defendant therefore denies each and every allegation contained therein.

5.    Answering Paragraph 5 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein considering it is unaware of and does not know the identity of, any DOES 6-10. Accordingly, Defendant therefore denies each and every allegation contained therein.

6.    Answering Paragraph 6 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein considering it is unaware of and does not know the identity of, any DOES 11-15. Accordingly, Defendant therefore denies each and every allegation contained therein.

7.    Answering Paragraph 7 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein considering it is unaware of and does not know the identity of, any DOES 16-20. Accordingly, Defendant therefore denies each and every allegation contained therein.

8.    Answering Paragraph 8 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein considering it is unaware of and does not know the identity of, any "Doe or Roe Entities presently unknown." Accordingly, Defendant therefore denies each and every allegation contained therein.

9.    Answering Paragraph 9 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore denies the same.

10.    Answering Paragraph 10 of Plaintiff's Complaint, Defendant lacks sufficient knowledge

or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore denies the same. Further, Defendant asserts that said paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies.

11.    Answering Paragraph 11 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore denies the same. Further, Defendant asserts that said paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies.

12.    Answering Paragraph 12 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore denies the same. Further, Defendant asserts that said paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies.

13.    Answering Paragraph 13 of Plaintiff's Complaint, Defendant asserts that said paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies.

14.    Answering Paragraph 14 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore denies the same. Further, Defendant asserts that said paragraph contains legal conclusions and contains assumptions of fact that do not require a response. To the extent a response is required, Defendant denies.

15.    Answering Paragraph 15 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore denies the same. Further, Defendant asserts that said paragraph contains legal conclusions and contains assumptions of fact that do not require a response. To the extent a response is required, Defendant denies.

16.    Answering Paragraph 16 of Plaintiff's Complaint, Defendant lacks sufficient knowledge or information upon which to base a belief as to the truth or falsity of the allegations contained therein and, therefore denies the same. Further, Defendant asserts that said paragraph contains legal conclusions and contains assumptions of fact that do not require a response. To the extent a response is required,

1   Defendant denies.

2   **FIRST CLAIM FOR RELIEF**

3   **(Negligence)**

4       Defendant repeats and reasserts its answers to the allegations contained in Paragraphs 1 through

5   16 of Plaintiff's Complaint and incorporate the same herein by reference as though fully set forth

6   verbatim.

7       17.    Answering Paragraph 17 of Plaintiff's Complaint, Defendant asserts said paragraph

8   contains legal conclusions and misstatements of law that do not require a response. To the extent a

9   response is required, Defendant denies.

10       18.    Answering Paragraph 18 of Plaintiff's Complaint, Defendant asserts said paragraph

11   contains legal conclusions which do not require a response. To the extent a response is required,

12   Defendant denies.

13       19.    Answering Paragraph 19 of Plaintiff's Complaint, Defendant asserts said paragraph

14   contains legal conclusions which do not require a response. To the extent a response is required,

15   Defendant denies.

16       20.    Answering Paragraph 20 of Plaintiff's Complaint, Defendant lacks sufficient knowledge

17   or information upon which to base a belief as to the truth or falsity of the allegations contained therein

18   and, therefore denies the same. Further, Defendant asserts that said paragraph contains legal conclusions

19   that do not require a response. To the extent a response is required, Defendant denies.

20       21.    Answering Paragraph 21 of Plaintiff's Complaint, Defendant lacks sufficient knowledge

21   or information upon which to base a belief as to the truth or falsity of the allegations contained therein

22   and, therefore denies the same. Further, Defendant asserts that said paragraph contains legal conclusions

23   that do not require a response. To the extent a response is required, Defendant denies.

24       22.    Answering Paragraph 22 of Plaintiff's Complaint, Defendant lacks sufficient knowledge

25   or information upon which to base a belief as to the truth or falsity of the allegations contained therein

26   and, therefore denies the same. To the extent a response is required, Defendant denies.

27       23.    Answering Paragraph 23 of Plaintiff's Complaint, Defendant lacks sufficient knowledge

28   or information upon which to base a belief as to the truth or falsity of the allegations contained therein

and, therefore denies the same. Further, Defendant asserts that said paragraph contains legal conclusions that do not require a response. To the extent a response is required, Defendant denies.

24.     Answering Paragraph 24 of Plaintiff's Complaint, Defendant denies each and every allegation contained therein as there is no law "compelling Plaintiff to retain the services of an attorney to prosecute this action" so as to mandate an award of attorney's fees and costs.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim or cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Statute of Limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, release, laches, unclean hands, and equitable estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, as set forth in his Complaint, if any there were, were directly and proximately caused by forces of nature over which Defendant had no control.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff assumed whatever risks or hazards which existed at the time of the events alleged in his Complaint, and Plaintiff is, therefore, responsible for the injuries and damages suffered, if any there were.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, as set forth in his Complaint, if any there were, were caused in whole or in part by the negligence or conduct of third parties over which Defendant had no control.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, as set forth in his Complaint, if any there were, are not attributable to any act, conduct, or omission on the part of Defendant, its employees, or its agents.

. . .

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred and/or his recovery is diminished by Plaintiff's own contributory negligence and/or comparative fault due to Plaintiff's own failure to use reasonable care in protecting Plaintiff's own health.  Plaintiff is not entitled to recovery from Defendant, in that any loss sustained by Plaintiff is the result of negligence or actionable fault on the part of Plaintiff.

NINTH AFFIRMATIVE DEFENSE

Plaintiff's negligence exceeds that of Defendant, if any, and Plaintiff is, therefore, barred from any recovery.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages, as set forth in his Complaint, if any there were, were pre-existing and/or caused by a subsequent accident or incident.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages, and, thus, any recovery should be reduced accordingly.

TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has voluntarily waived any potential rights against Defendant.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name essential parties necessary for full and adequate relief in this action.

FOURTEENTH AFFIRMATIVE DEFENSE

Defendant complied with all applicable Nevada and Federal statutes, regulations, and codes at all relevant times stated in Plaintiff's Complaint.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendant contends that if Plaintiff suffered any injuries or damages as a result of the conduct he attributes to Defendant, Defendant alleges that, prior to the incident giving rise to this action, Plaintiff was aware of the risks and hazards, if any, at the time and place of the incident; that whatever the conditions were at such time and place, they were obvious, discernible, and were in fact known to and by Plaintiff; and that Plaintiff nonetheless freely and voluntarily consented to assume and did assume these risks and hazards, if any there were.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those Affirmative Defenses enumerated in Rule 8 of the Nevada Rules of Civil Procedure as if fully set forth herein.  In the event further investigation or discovery reveals the applicability of any such defense, Defendant reserves the right to seek leave of Court to amend their Answer to specifically assert the same.  Such defenses are herein incorporated by reference for the specific purpose of not waiving the same.

## SEVENTEENTH AFFIRMATIVE DEFENSE

It has been necessary for Defendant to employ the services of an attorney to defend this action, and a reasonable sum should be allowed for attorney's fees, together with the costs expended in this action.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted, denied, or otherwise pled to herein.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right to add additional affirmative defenses as discovery progresses.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant hereby affirmatively pleads the application of the several liability provisions of NRS 41.141, as there is an issue of *bona fide* contributory negligence.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

If it is found that Defendant is liable to Plaintiff for any injuries and damages of the type alleged, all of which are expressly and specifically denied, then Defendant is entitled to indemnification and/or contribution from any judgment over and against such other defendant that may be liable for all or part of any verdict or judgment against this answering Defendant, which was caused by the negligence and/or breach of contract of such other defendant(s), together with costs and disbursements of this action, including attorney's fees.

. . .

. . .

TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those Affirmative Defenses enumerated in Nevada Rule of Civil Procedure 12(b).

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to properly serve Defendant in that her service of process or the process itself was insufficient, and Defendant reserves the right to move for dismissal of the instant action for want of proper service by Plaintiff.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to properly include or join, under Nevada Rule of Civil Procedure 19, indispensable parties without whom this matter cannot be properly adjudicated.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant hereby contends that the events, injuries, losses, and damages, if any there were, complained of were the result of an unavoidable accident insofar as this answering Defendant is concerned and said incident occurred without any negligence, want of care, or other breach of duty to Plaintiff on the part of Defendant.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff engaged in illegal activities during or pursuant to the subject incident, Plaintiff's claims are barred.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant contends that this Court lacks jurisdiction over the subject matter of this action and of each claim asserted therein.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff did not reasonably rely on any act, omission, or representation of Defendant.

TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant contends that it provided Plaintiff with sufficient warning to avoid any type of danger or hazard, if any there were, yet Plaintiff failed to heed the warning of Defendant, resulting in the injury or damages complained of in Plaintiff's Complaint, if any there were.

THIRTIETH AFFIRMATIVE DEFENSE

Defendant contends that any dangerous condition that may have existed at the time Plaintiff suffered the injuries and damages complained of in her Complaint, if any there were, was not the cause of said injuries and damages, but rather, some other, intervening condition outside of Defendant's control caused said injuries and damages.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1.   That Plaintiff take nothing by his Complaint;

2.   That Plaintiff's Complaint be dismissed with prejudice as to Defendant;

3.   That Defendant recovers attorney's fees and costs incurred herein; and

4.   For such other and further relief as this Court may deem just and proper under the circumstances.

DATED this 23rd day of March 2021.

**PHILLIPS, SPALLAS & ANGSTADT, LLC**

_____
ROBERT K. PHILLIPS, ESQ.
Nevada Bar No. 11441
TIMOTHY D. KUHLS, ESQ.
Nevada Bar No. 13362
504 South Ninth Street
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*Walmart, Inc.*

- 9 -

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 23rd day of March 2021, I served a true and correct copy of the foregoing, **DEFENDANT WALMART, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**, as follows:

☐ By facsimile addressed to the following counsel of record, at the address listed below:

☐ By placing same to be deposited for mailing in the United States Mail, in a sealed envelope upon which first class postage was prepaid in Las Vegas, Nevada;

☐ By Hand Delivery (ROC); and/or

☒ By Electronic Filing/Service Notification through Odyssey File & Serve to:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| GARNET E. BEAL, ESQ.<br>Nevada Bar No. 12693<br>DIMOPOULOS LAW FIRM<br>6671 S. Las Vegas Blvd., Suite 275<br>Las Vegas, NV 89119 | Phone 702-800-6000<br>Fax     702-224-2114 | Plaintiff |

*/s/ Joshua J. Kephart*
_____

An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC